368 A.2d 640

**Frank C. HILTON, Appellant,**

v.

**STATE EMPLOYEES RETIREMENT BOARD**
of the Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Jan. 28, 1977.

Harold Gondelman, Pittsburgh, for appellant.

J. Justin Blewitt, Jr., Deputy Atty. Gen., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the denial by the Commonwealth Court of a motion for summary judgment by appellant, Frank C. Hilton.[1]

Appellant filed a complaint against appellee, State Employees Retirement Board of the Commonwealth of Pennsylvania (hereinafter "Retirement Board"), seeking specific performance, or in the alternative the issuance of a writ of mandamus concerning the payment of his pension under the State Employees Retirement Code,

---

1. Because of the interlocutory nature of the order in this case we accepted jurisdiction of this appeal pursuant to § 205 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 205, 17 P.S. § 211.205. We are of the opinion that the issue in the instant case dealing with the divestiture of vested pension rights of Commonwealth employees is one of "immediate public importance."

March 1, 1974, P.L. 125, No. 31, § 1, 71 Pa.C.S.A. § 5101, et seq. Appellant argued that the Retirement Board had no discretion in whether or not to pay a former state employee benefits under the Retirement Code once that former employee fulfilled the eligibility requirements of the Retirement Code.

The Retirement Board in its answer and new matter denied its duty to pay appellant his pension and claimed a right of offset. This right of offset is based upon appellant's conviction in the United States District Court for extortion in connection with kickbacks received by appellant while he was Secretary of Property and Supplies of the Commonwealth.[2]

Appellant filed a reply to the new matter denying the Retirement Board's right to offset the losses incurred by the Commonwealth because of the kickbacks in the letting of insurance contracts. Appellant then filed a motion for summary judgment alleging that the Retirement Board had no right, absent an assignment by him, to offset any losses incurred by the Commonwealth because of his improper conduct.

The Commonwealth Court denied appellant's motion for summary judgment. In doing so, the court declared that "equitable principles" apply in construing § 5953 of the Retirement Code and, therefore, the Commonwealth should have the opportunity to present evidence concerning the kickbacks received by appellant in the performance of his official duties.

■ Appellant argues that § 5953 of the Retirement Code provides the criteria for the offset by the Commonwealth of vested pension funds and absent compliance with the mandatory provisions of § 5953, no offset of such funds is permissible. We agree. Section 5953 of

2. See: *U. S. v. Frank C. Hilton*, criminal 75–104, W.D., Pa. and *U. S. v. Frank C. Hilton*, criminal 75–90, M.D., Pa.

the Retirement Code effective at the time of appellant's claim provides in relevant part: [3]

"(a) The right of a person to any benefit or right accrued or accruing under the provisions of this . . . part and the moneys in the fund are hereby exempt from any State or municipal tax, levy and sale, garnishment, attachment, spouse's election, or any other process whatsoever, and shall be unassignable except:

"(1) To the Commonwealth in the case of a member who is terminating State service and has been determined to be obligated to the Commonwealth for the repayment of money.

\*    \*    \*    \*    \*    \*    \*    \*

"(b) The board shall be authorized to pay from the fund:

(1) In the case of a member who is terminating service, the amount determined after certification by the head of the department that the member is so obligated, *and* after review and approval by the department or agency's legal representative *and* upon receipt of an assignment from the member in the amount so certified." (Emphasis supplied.) Act of March 1, 1974, P.L. 125, No. 31, § 1, 71 Pa.C.S.A. § 5953.

The provisions of § 5953(a) of the Retirement Code in effect at the time that appellant filed his claim for benefits exempted such benefits from "any State or municipal

---

3. Section 5953(b)(1) was amended on October 7, 1975, to provide:
"(b) The board shall be authorized to pay from the fund:
"(1) In the case of a member who is terminating service, the amount determined after certification by the head of the department that the member is so obligated, and after review and approval by the department or agency's legal representative or upon receipt of an assignment from the member in the amount so certified." Act of March 1, 1974, P.L. 125, No. 31, § 1, imd. effective, as amended, Oct. 7, 1975, P.L. 348, No. 101, § 2, imd. effective, 71 Pa.C.S.A. § 5953. (Emphasis supplied.)
This amendment to the Retirement Code eliminated the need for the employee to assign his benefits in order for the Commonwealth to have a right of offset.

tax, levy and sale, garnishment, attachment, spouse's election, or any other process whatseover . . .."

In addition, such benefits were unassignable except in two limited instances:

1. To the Commonwealth in a situation where the employee had been determined to owe money to the Commonwealth; and

2. to a credit union.

Subsection (b)(1) provides that the Retirement Board can pay funds to the Commonwealth in the case of an employee's indebtedness to the Commonwealth when:

1. The amount is determined and the department head certifies that the employee is obligated, *and*

2. After review and approval by the department or agency's legal representative, *and*

3. Upon receipt of an assignment from the employee in the certified amount.

All three conditions must be completed before the Retirement Board can offset funds owed to the Commonwealth.

Our review of the record in the instant case reveals that none of the three conditions precedent to allow an offset of the employee's benefits in favor of the Commonwealth has occurred. The record does not contain a certification by the department head that appellant is obligated to repay the Commonwealth. Nor does the record indicate that the department or agency's legal representative reviewed and approved the Commonwealth's claim. The record, however, contains an affidavit of appellant executed on September 26, 1975, wherein appellant stated "that plaintiff [appellant] has not, did not and will not assign any sums due to him under the State Employee's Retirement System to Commonwealth of Pennsylvania."

We are, therefore, of the opinion that the former § 5953(b)(1) of the Retirement Code established the sole

method by which the Retirement Board can offset a former employee's benefits in favor of the Commonwealth. Such payments must be in conformity with the statutory provisions and failure to comply with those provisions renders the attempted withholding of the benefits from the employee illegal.

The order of the Commonwealth Court is reversed and the record is remanded for the entry of judgment in favor of appellant, Frank C. Hilton.

NIX, J., took no part in the consideration or decision of this case.