473 A.2d 632

**J. Warren MATSON, Bert Collins, Harry Ingram and Mary Ann Miaczynski**

v.

**HOUSING AUTHORITY OF the CITY OF PITTSBURGH, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Filed March 23, 1984.

110

---

David B. Washington, Pittsburgh, for appellant.

Henry Miller, III, Pittsburgh, for appellees.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

This is an appeal from an order of an *en banc* Common Pleas Court, Allegheny County, which granted summary judgment based on the application of the doctrine of offensive collateral estoppel. We reverse.

The factual history of this appeal reveals that appellees were former employees of appellant, Housing Authority of the City of Pittsburgh (HACP). Appellees instituted an action in assumpsit to secure payment for the earned but unused sick leave and vacation time they had accumulated upon their retirement from HACP. Their assumpsit claim is based upon certain personnel policies, alleged to have been adopted in the period of 1968 to 1970, which appellees allege provided for such payments. In response to appellees' complaint in assumpsit, HACP filed an answer and new matter. As new matter, HACP asserted that the personnel policies relied upon by appellees and the payments requested pursuant thereto were contrary to certain federal guidelines enacted pursuant to the U.S. Housing Act of 1937, 42 U.S.C. § 1401 *et seq.*, which were applicable to HACP through its contributions contract with the Department of Housing and Urban Development.

In their reply to new matter and their motion for summary judgment, appellees invoked the doctrine of collateral estoppel based upon judgment entered in a previous action, *Housing Authority of the City of Pittsburgh v. Konrad Dorsch, et al.*, Nos. G.D. 75-3399-3402 and 75-3405-07 (C.P. Allegheny County filed August 4, 1978), to bar the defense raised in HACP's new matter. By order dated April 26th, 1982, appellees' motion for summary judgment was granted and this appeal was taken.[1]

---

1. Because HACP is a Commonwealth agency, see 35 P.S. §§ 1544, 1550, appellate jurisdiction may have been properly vested in the Commonwealth Court. 42 Pa.C.S.A. §§ 101, 762(a)(ii). However, since appellees have failed to file an objection to the filing of this appeal in this court our appellate jurisdiction was perfected. 42

Summary judgment is appropriate when the only defense presented is for some reason rendered invalid. *See e.g. Hilton v. State Employees Retirement Board*, 470 Pa. 301, 368 A.2d 640 (1977). The offensive invocation of collateral estoppel to bar a defense raised is a proper ground to grant summary judgment when, properly applied, the doctrine eliminates all issues of material fact and entitles the moving party to judgment as a matter of law. *See Day v. Volkswagenwerk Aktiengeselschaft*, 318 Pa.Super. 225, 464 A.2d 1313 (1983).

In *Day*, a panel of this court delineated the following requirements for the applicability of collateral estoppel:
The doctrine of collateral estoppel is a broader concept than res judicata. It operates to prevent a·question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit.... Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. "Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either 'a sword or a shield' by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same."... " '[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action.' " ...
*Id.*, 318 Pa.Superior Ct. at 236–37, 464 A.2d at 1318–1319 (citations omitted) (brackets in original). In addition to

Pa.C.S.A. § 704; Pa.R.A.P. 741. In the interest of judicial economy, we deem it prudent not to exercise our discretion under 42 Pa.C.S.A. § 705 and Pa.R.A.P. 752 to transfer this appeal to Commonwealth Court.

these requirements, the determination in the prior suit must have been essential to the judgment therein. *See* Restatement (Second) of Judgments § 27; Restatement of Judgments § 68; *c.f. Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975).

In their brief, appellees argue that the issue common in the instant case and the *Dorsch* case is whether the enactment of federal guidelines can retroactively abrogate appellees' allegedly contractual right to receive payment, upon retirement for unused vacation and sick leave. In contrast, HACP argues in its brief that the issues presented by the instant case and *Dorsch* are not identical in that the *Dorsch* case involved the HACP's attempt to *recover* monies it had already paid in violation of the guidelines whereas in the instant case HACP would be forced to *expend* monies in violation of the guidelines.

In determining whether the requisite identity of issues exists, we must first be able to identify with sufficient certainty the issue necessarily decided in the prior case. The necessity of identifying the issue in the prior case requires an examination of the relevant portions of the record in the prior case. *See* Restatement (Second) of Judgments § 27 comment f. Of course the relevant portions of the record in the prior case must be incorporated into the record in the present case. The record in the instant case does not contain any documents from the *Dorsch* case; and no reference has been made to the pleadings or the evidence in the *Dorsch* case. Instead, appellees and HACP rely solely upon the unreported opinion of the trial court in *Dorsch* to establish what the issues were in that case and whether they are identical to the issues presented by the instant case. Taken from appellees' brief, the text of the trial court's unreported opinion in *Dorsch* is as follows:

### OPINION

This is an action by the plaintiff (HACP) against former employees to recover sums of money paid to them by

HACP. The claims are based on, in plaintiff's terminology, "unconstitutional enrichment," "breach of employment contract" and "municipal employment" (sic). Tried nonjury, the case resulted in a verdict for defendants in every instance. Plaintiff filed exceptions in each case.

The bulk of the documentary evidence was stipulated to by all parties as to authenticity. The only fact question at trial was the manner in which the 1970 Personnel Policy was adopted, and whether it was regularly promulgated.

The defendants worked as janitors (Reed), clerks (Mr. and Mrs. Heckert), groundskeeper foreman (Dorsch) and administrators (Chapman, Tronzo, Utterback, Vennare). All retired in 1970–71. In dispute are the amounts paid for earned and unused sick pay. Plaintiff's claim is based on the allegation that HACP violated United States Housing and Urban Development guidelines in paying defendants these funds, and therefore seeks to recover them from defendants.

Assuming, arguendo, that the allegedly applicable guidelines did apply, and that they were in fact violated, no cause of action has been created. First of all, the violation of a guidelines does not create a cause of action. *M.B. Guran, Co., Inc. v. City of Akron*, 546 F.2d 201 ([6th Cir.] 1976). Secondly, if a suit could be filed, it is not those who received the funds who should be sued, but those who were responsible for the allegedly erroneous payments; i.e., the Board of Directors of HACP, who should be surcharged. *Cotlar v. Warminster Twp.*, 8 Comm.Ct. [163] 162 [302 A.2d 859] (1973).

Finally, the evidence on the record is very persuasive in favoring the defendants; in particular, that the contested resolution permitting the payments was indeed adopted. Further, the alleged guidelines were adopted after the payments were in effect. *Nothing, not even the federal government, can retroactively interfere with a contract, in this case a contract of employment between defendants and plaintiffs. This principle was enunci-*

*ated over 150 years ago by Justice Marshall in the Dartmouth College Case, and it is not about to be abrogated now by this Court.*

THEREFORE, plaintiff's Exceptions are denied. An order will be entered accordingly.

Brief of Appellees at 1a (emphasis added). Appellees rely upon the highlighted language above to support their contention as to the existence of a common issue in the present case and *Dorsch.*

■ While copies of the trial court opinion in *Dorsch* were included in the reproduced record portion of the briefs of both parties, the certified record from the trial court does not include a copy of the *Dorsch* opinion.[2] We, of course, may not rely upon either of the parties' statements in their briefs as to what the issues were in the *Dorsch* case. *See McAllonis v. Pryor,* 301 Pa.Super. 473, 448 A.2d 5 (1982). Nor are we permitted to examine the copies of the *Dorsch* opinion contained within the reproduced records of both parties to determine what issues arose in *Dorsch,* since the original record submitted to us in this case does not contain a certified copy of that opinion. Only matters of record may be included within a reproduced record. *Pennsylvania Human Relations Commission v. Ammon K. Graybill, Jr., Inc., Real Estate,* 482 Pa. 143, 147 n. 3, 393 A.2d 420, 422 n. 3 (1978); *Auman v. Juchniewitz,* 312 Pa.Super. 98, 458 A.2d 254 (1983); *General Accident Fire & Life Assurance, Ltd. v. Flamini,* 299 Pa.Super. 312, 317 n. 3, 445 A.2d 770, 773 n. 3 (1982). Consequently, the record is devoid of any material from which we may properly determine whether the issues presented in the present case and those in *Dorsch* are identical.

2. The only references to the opinion in the certified record is in appellees' reply to HACP's new matter and HACP's reply to appellees' new matter. Averment 1) of appellees' reply to HACP's new matter indicated that a copy of the *Dorsch* opinion was attached thereto, but no such copy was attached to the pleading. A check with our Prothonotary's Office indicated that we have before us the record as it was certified from the trial court.

■ We note further that even if we were to consider the opinion copied in the briefs of the parties, we would conclude that collateral estoppel was improperly applied because the language relied upon by appellees was dictum and *not essential to the judgment* in the *Dorsch* case. Restatement (Second) of Judgments § 27 comment h. The opinion amply indicates that HACP's complaint in *Dorsch* did not state a cause of action; thus the subsequent language relied upon by appellees that pertained to the substance of the case was not necessary to the result in the case.

Accordingly, on either ground, we must reverse the order of the trial court *en banc* that estopped HACP from litigating issues relative to its defense.

So ordered.