**Malo v. Burns**

154

*Alan Brian Jones*, for plaintiffs.
*John T. Zelinka* and *Paul G. Batyko, III*, for defendant.

MINORA, *J.*, May 1, 2013—

## INTRODUCTION

Before this court is plaintiff's motion for partial summary judgment and request for expedited hearing on plaintiff's damages. The motion for partial summary judgment is granted. Plaintiff's request for an expedited hearing on damages is scheduled before this court on June 20, 2013 at 9:30am.

## FACTUAL SUMMARY

Contract Between Defendant and Plaintiff's Deceased Mother (Decedent)

Erma L. Malo ("decedent"), late mother of plaintiff Christine J. Malo ("plaintiff"), owned a residence at 221 Grayson Drive, Clarks Green, Pennsylvania 18411. On or about December 15, 2006, and various times thereafter in December 2006 and January 2007, decedent entered into oral contracts with defendant Joseph Burns d/b/a J. Burns General Contractor ("defendant") to make home improvements to the property for $37,518.00. Prior to performing the work, defendant agreed with decedent that he would obtain required building permits from the Borough of Clarks Green. Defendant never acquired the

required building permits. Despite this, Burns began work on decedent's property. A "stop work order" was issued by the Borough of Clarks Green as a result of defendant's failure to obtain the permits. The order prevented further work on decedent's property.[1]

On February 19, 2007, plaintiff addressed a letter to defendant specifying the problems with the work on the property and the fact that defendant failed to obtain the required permits. Defendant did not resolve the home improvement problems nor did he obtain the required work permits. On or about February 26, 2007, defendant abandoned the building work and never proceeded further. Nor did Burns reimburse decedent. Decedent and her attorney thereafter demanded that the $37,518.00 contract deposits be returned to her. Defendant refused to return the deposits. Decedent died testate, and on May 22, 2009, the Register of Wills of Lackawanna County appointed plaintiff as executrix of decedent's estate.

Prior Litigation on the Exact Matter Before This Honorable Court

Defendant filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Pennsylvania on January 22, 2007 naming decedent as an unsecured creditor in his bankruptcy petition.[2] On March 5, 2007, the court converted defendant's Chapter

---

1. Borough of Clarks Green, Stop Work Order Re: Construction without a Permit, issued by Zoning Officer Willard Ziesemer (Feb. 26, 2007).

2. See Malo v. Burns, No. 5-07-bk-50140 RNO, Adv. No. 5-07-ap-501119 RNO at 5 (July 11, 2008) (where, in facts of opinion where bankruptcy court held decedent's defendant's debt pursuant to dection 523(a)(2)(A) was non-dischargeable, the court notes the procedural history of defendant's Chapter 7 bankruptcy case); second amended complaint objecting to the discharge of the debt of Erma Malo — Chapter 7 case, at ¶ 7 (Feb. 1, 2008).

13 Bankruptcy case to a Chapter 7 Bankruptcy case.[3] Decedent filed an adversary proceeding against defendant in the bankruptcy court on July 6, 2007 seeking to remove her unsecured debt from defendant's bankruptcy case.[4] During the pendency of the bankruptcy proceedings, defendant again visited decedent at her property without ever informing her of his pending Chapter 13 Bankruptcy proceeding and that he had named decedent as an unsecured creditor in it. At the time of his visit, defendant demanded and received two (2) checks from decedent (one for $3,000.00 and one for $3,518.00). Defendant's receipt of the checks was allegedly in violation of the Bankruptcy Code because the checks should have been made payable to the bankruptcy trustee and not defendant.[5]

The legal and factual issues resolved before the bankruptcy court and before this Honorable Court are identical. In both the bankruptcy court and in this court, the complaints by decedent and plaintiff pleaded the exact factual allegations and legal conclusions against defendant. In both tribunals, the complaints alleged that defendant: 1. committed fraud; 2. breached oral contracts he had with decedent; 3. unduly enriched himself at decedent's expense; 4. converted decedent's monies to his own use; and 5. violated the Pennsylvania Unfair Trade Practices

---

3. *See* second amended complaint objecting to the discharge of the debt of Erma Malo — Chapter 7 case, at ¶ 8 (*Malo v. Burns,* No. 5-07-bk-50140 RNO, Adv. No. 5-07-ap-501119 RNO) (Feb. 1, 2008).

4. *See Burns v. Malo,* 3:CV-08-1953 (M.D. Pa. Mar. 9, 2010); plaintiff's motion and petition for partial summary judgment ¶ 15 (Dec. 18, 2012) (noting decedent filed suit under 11 U.S.C. section 523(a)(2)(A) to deem defendant's debt nondischargeable).

5. Defendant visited decedent on Jan. 26, 2007 and Feb. 16, 2007. *See* plaintiff's complaint at ¶ 21; plaintiff's brief in support of plaintiff's motion for partial summary judgment against the defendants with request for an expedited hearing on plaintiff's damages, No. 10-CV-5496 (Dec. 12, 2012).

and Consumer Protection Law.[6]

On June 3, 2008 and June 4, 2008, a two-day adversarial proceeding on the matter was held before Judge Opel at the bankruptcy court. *See* plaintiff's motion and petition for partial summary judgment at ¶ 17; plaintiff's complaint at ¶ 10. On July 11, 2008, Judge Opel at the bankruptcy court found that defendant defrauded decedent, by having made a materially false representation with the intent to deceive decedent when he fraudulently represented to decedent that he would complete the renovations on her property. *Malo v. Burns*, Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case No. 5-07-bk-50140 RNO) at 7 (M.D. Pa. July 11, 2008). Judge Opel also dismissed decedent's unsecured indebtedness from defendant's Chapter 7 bankruptcy case. *Malo v. Burns*, Adv. No. 5- 07-ap-50119 RNO (Ch. 7 Case. No. 5-07-bk-50140 RNO) (M.D. Pa. July 11, 2008); *Commonwealth of Pennsylvania, Thomas Corbett Jr., Attorney General v. Joseph J. Burns*, Order, Adv. No. 5-ap-07-50121 RNO (July 11, 2008).[7] The Honorable Thomas I. Vanaskie denied and dismissed defendant's appeal. *Burns v. Malo*, 3:CV-08-1953 (M.D. Pa. Mar. 9, 2010) (affirming the July 11, 2008 order finding debt owed to Erma Malo is nondischargeable). Defendant took no further appeal. Final judgment of the bankruptcy court became the law

---

6. Plaintiff's motion and petition for partial summary judgment ¶ 16 (Dec. 18, 2012) (Stating that in plaintiff's adversary proceeding at the bankruptcy court, plaintiff alleged fraud, breach of contract, unjust enrichment, conversion, and a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law; plaintiff's complaint, *Malo v. Burns*, No. 10-CV-5496 (Aug. 6, 2008).

7. In this case, the bankruptcy court determined the non-dischargeability of a debt pursuant to 11 U.S.C. section 523 (a)(2)(A) and 11 U.S.C. section 523(a)(7). *See* plaintiff's amended complaint objecting to the discharge of the debt of Erma Malo — *In re: Joseph J. Burns*, debtor Chapter 7 case, Case No. 05:07-bk-50140, *Malo v. Burns*, Adversary No. 05:07-50119, at 1.

of this case, when its order was affirmed on appeal by the district court without further appeal. "Adjudication of the bankruptcy court is a final valid judgment on the merits... and this judgment is entitled to full faith and credit in [the state courts]." *Mintz v. Carlton House Partners, Ltd.*, 407 Pa. Super. 464, 475, 595 A.2d 1240, 1246 (1991) (citing U.S. Const. Art. 4 Section 1; 28 U.S.C.A. Section 1738; *Delaware Valley Citizens' Council for Clean Air v. Com. of Pa*, 755 F.2d 38 (3rd Cir. 1985), *cert. denied*, 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed. 54 (1985)).

· Pending Action

After defendant received his discharge in bankruptcy from the bankruptcy court, plaintiffs commenced this multi-count action against defendant. Plaintiff's complaint, *Malo v. Burns*, No. 10-CV-5496 (Aug. 6, 2010). Plaintiffs in this action requested money damages from defendant. *Id.* With the exception of plaintiff's request for money damages, this action mirrors the action before the bankruptcy court. As Judge Opel stated in the bankruptcy court's opinion where he determined that defendant's debt to decedent was nondischargeable: ". . . the instant parties are already involved in state court litigation over this exact issue. . . . given the pendency of the state court action, I will refrain from establishing a numerical amount of damages. *Malo v. Burns*, Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case No. 5-07-bk-50140 RNO) at 6-7 (M.D. Pa. July 11, 2008).

## PROCEDURAL SUMMARY

Plaintiff's brief in support of plaintiff's motion for partial summary judgment was filed on December 18, 2012. Defendant's brief in opposition to plaintiff's motion for partial summary judgment was filed on February 4, 2013.

## LEGAL ARGUMENT OF THE PARTIES

### Plaintiff's Motion for Partial Summary Judgment

In order to eliminate possible inconsistent results in judicial verdicts between this Honorable Court and the bankruptcy court, this Honorable Court should grant partial summary judgment to the plaintiffs on the liability issues all as contained in the plaintiff's complaint based on the doctrine of collateral estoppel.

### Defendant's Argument

The legal and factual issues before the bankruptcy court and this Honorable Court are not identical. The bankruptcy court in no way addressed whether defendant is subject to liability for the count of conversion. Judge Opel's decision referenced the possibility of unworkmanlike construction work, but he did not make specific findings that reflected that the work performed by defendant was defective and deficient. This salient issue needs to be fully litigated using expert testimony.

## LEGAL STANDARD

### Collateral Estoppel

Collateral estoppel in the form of issue preclusion will bar relitigation of an issue if the precise issue has been decided in an earlier adjudication by a final judgment on the merits; the party against whom the doctrine is asserted was a party, or is in privity with a party, to the prior proceeding; and the party against whom it is asserted has had a full and fair opportunity to litigate the particular issue in the prior proceeding. *Angelico v. Lehigh Valley Hospital, Inc.*, 2005 WL 5163656 (Lehigh Co. Dec. 2005) (citing *Murphy v. Duquense Univ.*, 777 A.2d 418, 435 (Pa. 2001)); *Schultz v. Connelly*, 378 Pa. Super. 98, 548 A.2d

294 (1988); *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1319 (Pa. Super. 1983) (internal citations omitted); *Hudson v. Shoemaker*, 1992 WL 551115, 16 Pa. D. & C.4th 143 (Phila. Co. Oct. 21, 1992); *Middlesex United Presbyterian Church in the United States v. Middlesex Presbyterian Church*, 44 Pa. D. & C.3d 98, 1986 WL 20653, (Butler Co. Oct. 30, 1986); *Office of Disciplinary Counsel v. Kiesewetter*, 585 Pa. 477, 889 A.2d 47 (2005). Application of the doctrine of collateral estoppel ensures consistency of judgments by prohibiting Respondent from denying facts that were previously found to be the facts of the case by an impartial tribunal. *Id.*

The doctrine of collateral estoppel is a broader concept than res judicata. It operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. *Schultz v. Connelly*, 548 A.2d 294, 296 n.4 (Pa. Super. 1988). *See also Hebden v. W.C.A.B. (Bethenergy Mines)*, 142 Pa. Commw. 176, 187, 597 A.2d 182, 188 (1991); *Hudson*, 1992 WL 551115. Also unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. *Day*, 464 A.2d at 1318-19 (internal citations omitted); *Matson v. Housing Authority of City of Pittsburgh*, 326 Pa. Super. 109, 473 A.2d 632 (1984); *Middlesex United Presbyterian Church in the United States*, 44 Pa. D. & C.3d 98, 1986 WL 20653.

To apply res judicata, one must meet all four of the following conditions: (1) identity in the thing being sued upon; (2) identity for the cause of action, (3) identity of persons and parties to the action; (4) identity of the quality or the capacity of parties suing or being sued. (emphasis added) *In re: Estate of William Cornell, deceased*, 2004

WL 5149446, (Ct. Com. Pl., Orphans' Div. Dec. 29, 2004) (citing *Estate of Tower, Appeal of Tower*, 463 Pa 93, 343 A.2d 671 (1975); *Notoro v. Estate of Hyer*, 239 Pa. Super 10, 361 A.2d 766 (1976); *see also Jones v. Walker*, 442 Pa. Super. 463, 660 A.2d 76 (1995)); *In re Jones*, 442 Pa. Super. 463, 660 A.2d 76, (1995) (Previous distribution decree in intestate proceeding did not have res judicata effect as to newly discovered heirs petitioning for review of decree; no identity of parties existed).

Summary Judgment

Summary judgment may properly be granted on the grounds of collateral estoppel if the trial court, consistent with Pennsylvania Rule of Civil Procedure 1035(b), determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Mintz*, 407 Pa. Super. at 474, 595 A.2d at 1245 (citing *Day*, 318 Pa. Super. at 231, 464 A.2d at 1316. In reviewing a summary judgment motion, the court must view the record in the light most favorable to the non — moving party and must resolve in favor of the non-moving party all doubts regarding the existence of a genuine issue of material fact. *Chepkevich v. Hidden Valley Resort, L.P.*, 607 Pa. 1, 3, 2.A.3d 1174, 1175 (2010); *Vinikoor v. Pedal Pennsylvania Inc.*, 974 A.2d 1233, 1238 (Pa. Cmwlth. 2009). The moving party bears the burden of demonstrating that there is no genuine issue of material fact that it is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Nissley v. Candytown Motorcycle Club, Inc.*, 913 A.2d 887, 889 (Pa. Super. 2006). A prior judgment rendered by a court of competent jurisdiction is a matter of record that a party can assert as an incontrovertible fact in a subsequent action, thereby requiring only a legal determination as to

the effect of that prior judgment. *Day*, 464 A.2d 1313.

## LEGAL ANALYSIS

Collateral Estoppel

In the present case, all four elements required to assert collateral estoppel against defendant are satisfied.

1. Identity of Issues

First, to determine whether the requisite identity of issues exists, the court must be able to identify with sufficient certainty the issue necessarily decided in the prior case. The necessity of identifying the issue in the prior case requires an examination of the relevant portions of the record in the prior case. *See* Restatement (Second) of Judgments § 27 comment f. *Matson*, 326 Pa. Super. at 114, 473 at 632. In *Alpensjo v. Sandvik Materials Technology, Inc.*, 2013 WL 578493 (Lacka. Co. Feb. 13, 2013), this Honorable Court held that, in a worker's compensation case citing *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 517 (Pa. Super. 2005), when the factual issue in the worker's compensation case decided prior to the case at issue "is not only sufficiently similar [but] virtually identical" to the issue in the action before the court, element one of collateral estoppel is met. *Alpensjo*, 2013 WL 578493. As was the case in *Alpensjo*, the legal and factual issues before the bankruptcy court and this Honorable Court in the present case are identical.[8] Thus the first element of collateral estoppel is satisfied.

---

8. *See* plaintiff's complaint, *Malo v. Burns*, No. 10-CV-5496 at ¶¶ 9-16; (Aug. 6, 2010), *Malo v. Burns*, No. 10-CV-5496; plaintiff's brief in support of plaintiff's motion for partial summary judgment at 2-3 (Dec. 18, 2012); *Malo v. Burns*, Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case. No. 5-07-bk-50140 RNO) at 7 (M.D. Pa. July 11, 2008) at 7 (stating that the bankruptcy court and state court cases regard the exact issue).

## 2. The Prior Action Resulted in Final Judgment on the Merits

The second prong to collateral estoppel is that the prior action resulted in a final judgment on the merits. *Alpensjo*, 2013 WL 578493, supra. In *Alpensjo*, this Honorable Court held that the decision rendered by Worker's Compensation Judge Harris was a final decision since it was never appealed and the time to appeal had expired. Accordingly, prong two was satisfied. *Id.* Similarly, the second element of collateral estoppel is also met in the present case, because there has been final judgment on the merits on the matter that is at issue before us. The bankruptcy court found that defendant defrauded decedent. *Malo v. Burns,* Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case. No. 5-07-bk-50140 RNO) at 7 (M.D. Pa. July 11, 2008). Judge Opel's opinion and order was sustained on appeal by Judge Vanaskie, and Judge Vanaskie dismissed defendant's appeal. *Burns v. Malo*, 3:CV-08-1953 (M.D. Pa. Mar. 9, 2010). Since defendant took no further appeal, the affirmed final judgment of the bankruptcy court is the law of this case. *Mintz* at 475 (citing U.S. Const. art. 4 Section 1; 28 U.S.C.A. section 1738; *Delaware Valley Citizens' Council for Clean Air v. Com. of Pa*, 755 F.2d 38 (3rd Cir. 1985), *cert. denied*, 474 U.S. 819, 106 S.Ct. 67, 88 L.Ed. 54 (1985)). The second element of collateral estoppel is therefore met.

## 3. Defendant was a Party to the Prior Proceeding

The third element of collateral estoppel is also satisfied. In *Alpensjo, supra*, when defendant was at the worker's compensation hearing and was also the defendant within the *Alpensjo* case as well, prong three was met because the parties at both proceedings were either identical or in privity. *Id.* In the case now before us, defendant, the

party against whom the plea is asserted, was also a party defendant to the prior bankruptcy court adjudication. *Malo v. Burns*, Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case. No. 5-07- bk-50140 RNO) at 7 (M.D. Pa. July 11, 2008); *Burns v. Malo*, 3:CV-08-1953 (M.D. Pa. Mar. 9, 2010). In the bankruptcy case, decedent Erma L. Malo, mother of the plaintiff initiated the case. Decedent is not the plaintiff in the current action but rather her daughter brings this claim as executrix of her estate. Nevertheless, because the defendants in both matters are the same, the privity requirement for collateral estoppel is satisfied. *Fischer v. Dawley*, 2009 WL 3244892 (Phila. Co. Aug. 26, 2009). Therefore, prong three is met. We note that because it was plaintiff's mother (decedent) that was plaintiff in the prior action, we find collateral estoppel but not res judicata as well. *Day*, 464 A.2d at 1318-19 (internal citations omitted); *Matson*, 326 Pa. Super. 109, 473 A.2d 632; *Middlesex United Presbyterian Church in the United States*, 44 Pa. D. & C.3d 98, 1986 WL 20653 (Res judicata requires that there be an identity of parties between the two actions to invoke the bar whereas with collateral estoppel there need only be privity).

4. Defendant Had a Full and Fair Opportunity to Litigate the Issue in the Prior Action

Prong four requires that the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior action. *Alpensjo*, supra. There was a full and fair opportunity for defendant Burns to defend the factual and legal issues posed in the plaintiff's bankruptcy court adversary proceeding. In the two (2) day adversary proceeding trial before Judge Opel in the bankruptcy court, the defendant's attorney, Kevin Walsh, Esq., cross-examined all of the plaintiff's

witnesses and the defendant took the stand and testified in his defense. *Malo v. Burns,* Ch. 7 Case No. 5-07-bk-50140 RNO, Adv. No. 5-07-AP-50119 RNO (July 11, 2008) (noting consolidated two-day trial on Chapter 7 Bankruptcy Matter was held June 3, 2008)); *app. denied, Burns v. Malo,* 3:CV-08-1953 at 2 (Mar. 9, 2010); *See also* plaintiff's brief in support of plaintiff's motion for partial summary judgment against the defendants with request for an expedited hearing on plaintiff's damages at 10 (Feb. 4, 2013). Absent disqualifications of the depositions and the hearing transcripts that would prohibit the use of the doctrine of collateral estoppel, prong four of collateral estoppel is met. *Alpensjo, supra.*

Summary Judgment

Having determined we have identical factual issues and that the elements or prongs of collateral estoppel have also been met, we now review whether plaintiff meets the elements needed to be granted partial summary judgment. *Alpensjo, supra.*

The Pennsylvania Rules of Civil Procedure that govern summary judgment instruct that the court shall enter judgment whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense. *Id.* (citing Pa.R.C.P. 1035). *See Id.*; *Schultz v. Connelly,* 548 A.2d 294 (Pa. Super. 1988); *Office of Disciplinary Counsel,* 585 Pa. 477, 889 A.2d 47 (where the court held that the factors for collateral estoppel were met and no unfairness had arisen from the application of collateral estoppel in an action based upon a civil verdict of fraud); *See also Santiago v. DSWA Inc.* 2010 WL 2357858 (Lancaster Co. Mar. 8, 2010) (where when all four elements of collateral estoppel were met, the court granted defendant's motion for partial summary judgment). In this

case all four elements are collateral estoppel are met. Partial summary judgment is appropriate. Accordingly, plaintiff's motion for partial summary judgment is granted.

Plaintiff's Request for an Expedited Hearing on Plaintiff's Damages

Plaintiff seeks damages for defendant's fraudulent misrepresentation. In the bankruptcy court proceeding on the facts of this case, when Judge Opel determined that defendant defrauded decedent, he stated:

> It is apparent to this Court that Erma Malo did suffer damages as a result of the Debtor's representations. However, almost no testimony was presented to the Court regarding actual monetary damages. . . . . given the pendency of the state court action, I will refrain from establishing a numerical amount of damages.

*Malo v. Burns*, Adv. No. 5-07-ap-50119 RNO (Ch. 7 Case. No. 5-07-bk-50140 RNO) at 6-7. As was the case when this matter was presented before Judge Opel, no testimony has yet been presented to this Honorable Court regarding Plaintiff's issue of damages.

A trial court may order bifurcation of trial issues in furtherance of convenience or to avoid prejudice. *Ball v. Bayard Pump & Tank Co, Inc.*, 2008 WL 8797493 (Montgomery Co. Apr. 29, 2008) (citing *Ptak v. Masontown Men's Softball League*, 607 A.2d 297, 299-300); *Coleman v. Philadelphia Newspaper*, 570 A.2d 552, 555 (Pa. Super. 1990); *Sacco v. City of Scranton*, 540 A.2d 1370, 1372 (Cmwlth. Ct. 1988)). The decision whether to bifurcate is entrusted to the sound discretion of the trial court, which is in the best position to evaluate the necessity for such measures. *Stevenson v. General Motors Corp.*, 521 A.2d

413, 415 (Pa. 1992). "[In] order to bifurcate any trial issues, there must be a determination and demonstration that the bifurcated issues are 'totally independent' of each other before bifurcation." *Ball*, 2008 WL 8797493. Before ordering bifurcation, a trial court should carefully consider the issues raised, and the evidence to be presented, in order to determine whether the liability and damages issues are interwoven. *Stevenson*, 521 A.2d at 419; *Ball*, 2008 WL 8797493. Using our trial court discretion, this court bifurcates the issue of liability from the issue of damages. *Stevenson*, 521 A.2d at 415. The expedited hearing to determine plaintiff's monetary damages will be held on June 20, 2013 at 9:30am. An appropriate order follows.

## ORDER

And now, on this 1st day of May 2013, plaintiff's motion for partial summary judgment is granted. An expedited hearing on plaintiff's damages is scheduled for June 20, 2013 at 9:30am before this Honorable Court.