543 A.2d 1138

Pamela MUHAMMAD, Administratrix of the Estate of Nazir Muhammad and Abdullah Muhammad, Appellants,

v.

STRASSBURGER, McKENNA, MESSER, SHILOBOD AND GUTNICK, A Law Partnership, Howard Messer and James Thomas, Jr.

Superior Court of Pennsylvania.

Argued Oct. 16, 1987.

Filed May 13, 1988.

Reargument Denied July 8, 1988.

Kenneth W. Behrend, Pittsburgh, for appellants.

James R. Schadel, Pittsburgh, for appellees.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the order below sustaining a demurrer and entering judgment in favor of appellees in a legal malpractice action. Appellants contend that the trial court erred in concluding that their cause of action is barred by this Court's prior decision in *Muhammad v. Children's Hosp. of Pittsburgh*, 337 Pa.Superior Ct. 635, 487 A.2d 443 (1984). For the reasons that follow, we reverse the order below and remand the case for proceedings consistent with this opinion.

The relevant procedural history, as summarized by the trial court, is as follows:

This matter is before the court on the third preliminary objections of [appellees] to [appellants'] complaint and on [appellants'] petition for change of venue in a legal malpractice action.

*Background*

[Appellants] are the parents of Nazir Muhammad, who was born on November 7, 1977 and died shortly thereafter.

In November of 1977, an incomplete circumcision was performed on Nazir Muhammad at Magee–Womens Hos-

pital. On December 16, 1977, Nazir Muhammad was operated upon again to complete the removal of his foreskin. As a consequence of the preparation for general anesthesia, he suffered pulmonary edema and died three days later in the Children's Hospital at Pittsburgh, Pennsylvania.

In March, 1978 [appellants] employed [appellee] James Thomas, Jr., [Esq.] to represent them. In October of the same year, [appellants] retained and employed [appellee] law firm and the individual member of that firm to prosecute [appellants'] claim.

On November 18, 1978, [appellees] filed a notice of Complaint with the Medical Arbitration Board against Children's Hospital, and Stewart E. Price, Jr. (the urologist performing the second circumcision) and Helen Westman (the anesthesiologist attending the decedent). In April of 1979, an action was filed against the same defendants in the Court of Common Pleas of Allegheny County.

Due to [appellees'] representation and advice to [appellants], [appellants] agreed as a result of a pretrial conciliation before Judge Wekselman, to accept a settlement offer in the amount of $26,500.00.

[Appellants] thereafter became dissatisfied with the settlement to which they had agreed and attempted to have the Court prevent enforcement of the settlement. The original complaint states that the Court by Order entered the 23rd day of April, 1982 confirmed the settlement and that the Superior Court of Pennsylvania [affirmed the order] on November 23, 1984.

[Appellants] filed the action presently before the Court by praecipe on April 19, 1984. The complaint in this matter was filed on or about April 2, 1986.

Trial Court Opinion at 1–2 (footnote omitted).

■ The complaint set forth eight counts of allegedly wrongful conduct, deriving from appellees' prior legal representation of appellants. Appellees then raised preliminary objections in the nature of a demurrer to all counts of

appellants' complaint. The trial court noted that the issue presented was "whether [appellants'] cause of action is barred by the prior opinion of the Superior Court in this matter." *Id.* at 6. The court, without discussion, then entered an order sustaining appellees' demurrer and entering judgment in favor of appellees. This appeal followed.

A preliminary objection in the nature of a demurrer is not to be sustained and the complaint dismissed unless the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hosp. of Phila.*, 439 Pa. 501, 267 A.2d 867 (1970). Therefore, if any theory of law will support the claim raised by the [complaint], a dismissal is improper....

For the purpose of our review of a dismissal on the pleadings in the nature of a demurrer, the averments [in the complaint], except to the extent that they constitute conclusions of law, must be taken as true, *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978)....

*Cianfrani v. Commonwealth, State Employees' Retirement Bd.*, 505 Pa. 294, 297, 479 A.2d 468, 469 (1984). *See also Aetna Electroplating Co. v. Jenkins*, 335 Pa.Superior Ct. 283, 285, 484 A.2d 134, 135 (1984). When, as here, the complaint alleges a cause of action based upon legal malpractice, three essential elements must be established:

1. The employment of the attorney or other basis for duty;
2. The failure of the attorney to exercise ordinary skill and knowledge; and
3. That such negligence was the proximate cause of damage to the plaintiff.

*Schenkel v. Monheit*, 266 Pa.Superior Ct. 396, 399, 405 A.2d 493, 494 (1979) (quoting R. Mallen & V. Levit, *Legal Malpractice* 123 (1977)) (footnote omitted). *See also ei bon ee baya ghananee v. Black*, 350 Pa.Superior Ct. 134, 140, 504 A.2d 281, 284 (1986). With these principles in mind, we consider the facts presented below.

The trial court did not state the reasoning behind its conclusion that appellants' cause of action is barred by our prior decision. Following a review of the brief filed in support of appellees' preliminary objections, and the parties' briefs on appeal, however, we can surmise that the court's decision was based on the following analysis:

1. Appellants, to recover in a legal malpractice action, had to show that they suffered pecuniary damages as a proximate result of appellees' prior representation;

2. To prove those damages, appellants had to show that the settlement of their previous claim, obtained through the services of appellees, was inadequate;

3. The question of the adequacy of the prior settlement was previously litigated, and that decision was affirmed by this Court in *Muhammad v. Children's Hosp. of Pittsburgh, supra;* and

4. Because the adequacy of the prior settlement already was litigated, appellants are barred from bringing this action under

 a. the doctrine of the law of the case, and/or
 b. the doctrine of collateral estoppel.

*See* Brief in Support of [appellees'] Third Preliminary Objections at 4–11; Brief for Appellants at 8; Brief for Appellees at 6.

Appellants contend that both the "law of the case" and "collateral estoppel" doctrines are inapplicable to the case at bar, and thus the trial court erred in sustaining appellees' demurrer and entering judgment in favor of appellees. We agree that the two doctrines are inapplicable.

## I. LAW OF THE CASE

 The "law of the case" doctrine applies *only* if, *inter alia,* the *parties* on the two appeals are the same. "It is hornbook law that issues decided by an appellate court on a prior appeal *between the same parties* become the law of the case and will not be reconsidered on a second appeal." *Commonwealth v. Tick, Inc.,* 431 Pa. 420, 427, 246 A.2d 424, 427 (1968) (citations omitted) (emphasis supplied). *See*

*also Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 394, 100 A.2d 595, 598 (1953) ("[t]he doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the *same case*, reverse its previous ruling even though convinced that it was erroneous....") (citation omitted) (emphasis supplied); *Daniels v. State Farm Mut. Auto Ins. Co.*, 305 Pa.Superior Ct. 352, 356, 451 A.2d 684, 686 (1982) (same); *Albright v. Wella Corp.*, 240 Pa.Superior Ct. 563, 567, 359 A.2d 460, 463 (1976) (same). *Accord* 21 C.J.S. *Courts* § 195a, at 330 (1940) (" 'Law of the case' ... means that whatever is once irrevocably established as the controlling legal rule of decision *between the same parties in the same case continues to be the law of the case*....") (emphasis supplied).

Here, although appellants, the Muhammads, were parties in the prior appeal, it is uncontested that appellees were not. Thus, for "law of the case" purposes, this appeal does not involve the same "case" as the prior appeal. Accordingly, we conclude that the law of the case doctrine does not bar appellants' action, and the trial court order is not affirmable on this basis.

## II. COLLATERAL ESTOPPEL

■ "The doctrine of collateral estoppel is a broader concept than res judicata. It operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit." *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Superior Ct. 225, 236, 464 A.2d 1313, 1318 (1983) (citations omitted). For the doctrine of collateral estoppel to apply, it must appear that

1. the fact or facts at issue in both instances were identical;

2. these facts were essential to the first judgment;

3. the parties must have had an opportunity to 'actually litigate' the issue; and

4. the facts were actually litigated in the first cause. *Schubach v. Silver*, 461 Pa. 366, 377, 379, 336 A.2d 328, 334, 334–35 (1975). *See also Matson v. Housing Auth. of Pittsburgh*, 326 Pa.Superior Ct. 109, 112–13, 473 A.2d 632, 634 (1984); *Long v. Long*, 306 Pa.Superior Ct. 142, 144, 452 A.2d 255, 256 (1982); *Lebeau v. Lebeau*, 258 Pa.Superior Ct. 519, 525–26, 393 A.2d 480, 482–83 (1978); Restatement (Second) Judgments § 27; Restatement Judgments § 68.

Here, appellees argue that the issue common to both this appeal and the prior appeal is the question of the adequacy of the settlement of appellants' suit against Children's Hospital. Appellees maintain that this factual question has already been litigated adversely to appellants in the prior appeal. In contrast, appellants argue, *inter alia*, that the only factual issue presented and resolved in the former action was whether appellants had authorized appellees to settle their claim. Appellants submit that the observations made both by the trial court and this Court in the prior appeal regarding the adequacy of the settlement were not essential to the disposition of that matter, and thus cannot preclude the litigation of the issue in this action. We agree.

In determining whether the question of the adequacy of the settlement was already decided in the prior appeal, we necessarily must examine the relevant portions of the record in the prior case. *See Matson v. Housing Auth. of Pittsburgh, supra.* The certified record in the instant case contains both the notes of testimony from the hearing held to determine whether the settlement should be enforced, as well as the trial court's order and opinion on the issue, and our Memorandum affirming the trial court. *See* Brief in Support of Third Preliminary Objections, Exhibits "A" & "B". *Compare Matson v. Housing Auth. of Pittsburgh, supra.*

A review of these documents reveals that appellants initially settled their medical malpractice action against Children's Hospital and the two individual defendants. The settlement was reached following a pre-trial conference. Thereafter, the defendant hospital learned that appellants

were not satisfied with the settlement, so it petitioned the trial court for a rule to show cause why the settlement should not be enforced. The court then held an evidentiary hearing, at which Pamela Muhammad, one of the appellants, testified. After the hearing, the trial court issued an order making the rule absolute, and authorized the defendants to pay into court the settlement sum. Appellants filed an appeal with this Court, and we affirmed in an unreported Memorandum.

The issue presented at the hearing held on the rule to show cause was whether counsel [appellees herein] were authorized to enter into the settlement with Children's Hospital. *See* N.T. April 23, 1982 at R-2. The court concluded that Pamela Muhammad had indeed authorized the settlement, noting that,

> It's the Court's conclusion from the testimony and from the in chambers discussion in which Mr. Messer indicated that he was of the belief that he was authorized to enter into the settlement that has been corroborated by Mrs. Muhammad who indicates that she did indeed authorize a settlement even at $23,000 if counsel felt that were the proper settlement. The only difficulty is that she has changed her mind since that time and now believes the settlement to be inadequate. Having authorized the settlement, she is not privileged to change her mind at this point. Had counsel not been authorized to enter into the settlement that, of course, would have been an entirely different matter, but the proper authority having been granted we simply cannot permit these cases to bounce around back and forth. It is the Court's view, as it was then, that the settlement agreement is a proper, just and equitable settlement in the circumstances, or the Court would not have suggested it....

*Id.* at R-7. The court reiterated this conclusion in its opinion:

> [Mrs. Muhammad] testified that she had authorized [her] counsel ... to enter into the settlement and that she had since had a change of mind. Her change of mind does

not alter the fact that she had authorized the settlement and that, in the view of the Court, the settlement was indeed an advantageous one—given the apparent difficult liability and damages questions in the case.

Trial Court Opinion May 21, 1982 at 1.

Similarly, the relevant issue presented to, and decided by, this Court on appeal, was framed by the Superior Court panel as follows:

Appellants suggest four reasons why this Court should set aside the settlement agreement and allow the appellants to proceed to a trial on the merits.... [Fourth], appellants suggest that Mrs. Muhammad never expressly authorized their previous attorney ... to settle their claim.

*Muhammad v. Children's Hosp.*, 337 Pa.Superior Ct. 635, 487 A.2d 443 (1984), unpublished Memorandum at 2–3.[1] Our Court's entire discussion of this issue was as follows,

Appellants finally suggest that Mrs. Muhammad did not give her express consent to Mr. Messer to settle the appellants' claim. The trial court found that Mr. Messer did have this authority, and that Mrs. Muhammad had merely changed her mind after the settlement agreement had been concluded. Trial Court Opinion at 1.

Of course, an attorney may not settle his clients' claim without express authorization from his clients. *Tucker v. Tucker*, 370 Pa. 8, 19, 87 A.2d 650, 656 (1952). The trial court's finding, however, that Mr. Messer was authorized to settle is wholly supported by the record. In chambers, Mr. Messer informed Judge Wekselman that he believed he was authorized to settle the claim. Reproduced Record at 2. Mrs. Muhammad also testified that she authorized Mr. Messer to settle for a specific sum, but

1. The other three issues presented, not relevant to this appeal, were
 1. whether *Mr.* Muhammad *expressly* consented to the agreement;
 2. whether the court erred in presiding over both the pre-trial conference and the evidentiary hearing; and
 3. whether the court erred in proceeding with the evidentiary hearing when Mrs. Muhammad was unrepresented by counsel.
 *See Muhammad v. Children's Hosp. of Pittsburgh, supra,* unpublished Memorandum at 1–2.

later became dissatisfied with the amount of this sum. Reproduced Record at 5. Thus, there is no reason for this Court to disturb the trial court's factual finding that Mr. Messer had the appellants' express consent to settle the claim filed against the appellees. Moreover, we agree with Judge Wekselman's assessment that the settlement was beneficial to the appellants' interests since, at trial, they would have had great difficulty in establishing that any of the appellees behaved negligently.

*Muhammad v. Children's Hospital of Pittsburgh, supra,* unpublished Memorandum at 6–7.

Our review of both the hearing transcript and the trial court and Superior Court opinions in the prior case convinces us that the only question *essential* to the decision in that case was whether appellants had *authorized* the settlement. Both the trial court, and the Superior Court panel recognized that, if appellants had *not* authorized the settlement, a basis might have existed for the trial court to refuse to enforce the settlement. *See, e.g., Rothman v. Fillette,* 503 Pa. 259, 264, 469 A.2d 543, 545 (1983); *Tucker v. Tucker,* 370 Pa. 8, 19, 87 A.2d 650, 656 (1952). The trial court found, however, as a factual matter, that appellants indeed *had* authorized the settlement; and,. because the record "wholly supported" this finding, we affirmed.

The gravamen of appellees' collateral estoppel argument, and the basis for their preliminary objections, derives from the comments made by this Court and the trial court that the settlement was "beneficial" or "advantageous" to appellants. These comments, however, which *followed* the findings that appellants had authorized the settlement, were merely dictum. The comments apparently were made in reference to the testimony of Pamela Muhammad, who stated that she felt the amount of the settlement was "unfair." N.T. April 23, 1982, at R–3 to 4. The fairness or adequacy of the settlement, however, *could not* have been essential to the decision on the hospital's petition for a rule to show cause because, assuming appellees were authorized to settle the case, the adequacy of the settlement was

*irrelevant* to the determination whether the hospital was entitled to have the settlement enforced against appellants. *Cf.* Restatement (Second) Agency § 15, Comment (c) ("until the [agency] agreement is rescinded, the relation continues and acts done in pursuance of it *are effective as to third persons*") (emphasis supplied).

Because the courts' comments regarding the adequacy of the settlement were not essential to the first judgment, they cannot act now to bar appellants under a collateral estoppel theory. *See, e.g., Schubach v. Silver, supra; Matson v. Housing Auth. of Pittsburgh, supra.* Accordingly, we conclude that the trial court's order sustaining the demurrer and entering judgment in favor of appellees cannot be affirmed based on collateral estoppel.

## CONCLUSION

For the foregoing reasons, we hold that the trial court erred in concluding that appellants' cause of action in the instant case is barred by our prior decision in *Muhammad v. Children's Hosp. of Pittsburgh.* Appellants are not barred from litigating the adequacy of the settlement; thus, a demurrer to their legal malpractice action cannot be sustained on the ground that appellants cannot prove that pecuniary damages resulted from appellees' prior legal representation. Accordingly, because we are satisfied that our prior decision does not preclude appellants from bringing this action, we reverse the order below sustaining the demurrer and entering judgment in favor of appellees, and remand the case for proceedings consistent with this opinion.[2]

Reversed and remanded. Jurisdiction is relinquished.

2. In their briefs filed on appeal, both parties address the question whether, assuming our prior decision *does not* act as a bar, appellants' complaint *otherwise* sets forth a valid cause of action for legal malpractice. We note, however, that the trial court explicitly based its order upon its conclusion that our prior decision in *Muhammad v. Children's Hosp. of Pittsburgh* bars the present action. Accordingly, we need not determine, and we express no view regarding, the question whether appellants' complaint otherwise sets forth a valid cause of action. It will be for the trial court on remand to determine