565 A.2d 794

**KALLER'S INC., Appellant,**

v.

**JOHN J. SPENCER ROOFING, INC. and J. Edward Lauders and The Celotex Corporation.**

Superior Court of Pennsylvania.

Argued May 23, 1989.

Filed Oct. 31, 1989.

362

J. Craig Currie, Philadelphia, for appellant.

Dean F. Murtagh, Philadelphia, for Spencer Roofing, appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order below granting appellee's motion for summary judgment in a contribution action. Appellant had instituted this action after a judgment of 140,000 dollars had been entered against it in a previous lawsuit. On appeal, appellant contends that the trial court erred in concluding that appellee was entitled to summary judgment based on collateral estoppel.[1] For the reasons that follow, we agree and, accordingly, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

---

1. Appellant also contends that the trial court erred in granting summary judgment on public policy grounds. Because of our disposition of appellant's first claim, however, we need not address this issue.

In January of 1986, appellant, Kaller's, Inc. ("Kaller's") filed the present action for contribution and/or indemnification against appellee, John J. Spencer Roofing, Inc. ("Spencer"), the Celotex Corporation, and J. Edward Lauders. Kaller's sued for the amount of a judgment that was entered against it on March 24, 1983 in the case of *Manor Junior College v. Kaller's, Inc. & John J. Spencer Roofing, Inc.*, No. 1632 Philadelphia, May Term, 1979.[2] In the underlying case, Manor Junior College ("the College") hired Kaller's to construct a roof on one of its buildings. Kaller's, in turn, subcontracted with Spencer for certain roofing work. The College later brought an action against both Kaller's and Spencer for damages allegedly sustained as a result of faulty workmanship in the installation of the roof. Kaller's responded by filing a cross-claim against the College alleging breach of contract. In addition, Kaller's and Spencer filed cross-claims against each other for contribution and indemnification. Prior to trial, the court ruled that the College had failed to state a claim in negligence against Spencer, and ordered that it proceed against Spencer on its contract claim only. The case then went to trial. After the close of testimony, the court granted Spencer's motion for a nonsuit on the College's contract claim,[3] and thereafter, counsel for Spencer and Kaller's withdrew their respective cross-claims. Because Spencer was no longer a party to the underlying lawsuit, the only claim presented to the jury was whether Kaller's or the College breached the contract. The jury found in favor of the College and awarded damages in the stipulated amount of 140,000 dollars.

On August 17, 1988, a year and seven months after Kaller's filed the present action, Spencer filed a motion for summary judgment contending that Kaller's was barred from proceeding against it on the grounds of collateral estoppel and res judicata. By order dated November 22,

**2.** The judgment in *Manor Junior College* was affirmed by this Court at 352 Pa.Super. 310, 507 A.2d 1245 (1986).

**3.** The trial court entered the non-suit in favor of Spencer on the ground that the College was not a third party beneficiary of the contract between Kaller's and Spencer.

1988 and filed December 1, 1988, the trial court granted appellee's motion based on collateral estoppel.[4] This timely appeal followed.

## I. SUMMARY JUDGMENT

The issue presented for review is whether the trial court erred in granting Spencer's motion for summary judgment. A motion for summary judgment may properly be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Hedlund Mfg. Co. v. Weiser*, 517 Pa. 522, 539 A.2d 357 (1988); *see also Gabovitz v. State Auto Ins. Ass'n*, 362 Pa.Super. 17, 523 A.2d 403 (1987); Pa.R. Civ.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983). Additionally, the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in its pleadings and giving that party the benefit of all reasonable inferences drawn therefrom. *Hower v. Whitmak Assoc.*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988); *Ferguson v. King*, 362 Pa.Super. 543, 524 A.2d 1372 (1987). Moreover, in summary judgment proceedings, the court's function is not to determine the facts, but only to determine if a material issue of fact exists. *French v. United Parcel Serv.*, 377 Pa.Super. 366, 372, 547 A.2d 411, 414 (1988). Thus, an order granting a motion for summary judgment will not be reversed unless the court below has committed an error of law or clearly abused its discretion. *Ackler v. Raymark Indus. Inc.*, 380 Pa.Super. 183, 185-86, 551 A.2d 291, 292 (1988); *Jones v. Keystone Ins. Co.*, 364 Pa.Super. 318, 321, 528 A.2d 177, 179 (1987); *Miller v. Federal Kemper Ins. Co.*, 352 Pa.Super. 581, 585-86, 508 A.2d 1222, 1225 (1987).

---

4. Prior to filing an appeal, Kaller's filed a petition for reconsideration on December 19, 1988. This petition was denied on January 3, 1989.

## II. COLLATERAL ESTOPPEL

The trial court granted Spencer's motion based upon collateral estoppel. The doctrine of collateral estoppel or issue preclusion "operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit." *Muhammad v. Strassburger*, 374 Pa.Super. 613, 618, 543 A.2d 1138, 1140 (1988) (quoting *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 236, 464 A.2d 1313, 1318 (1983) (citations omitted)), *alloc. granted*, 520 Pa. 618, 554 A.2d 510 (1989). The rationale behind the rule is the protection of litigants from the burden of relitigating an issue with the same party or his privy and the need for efficient administration of justice. *Clark v. Troutman*, 509 Pa. 336, 341, 502 A.2d 137, 139 (1985). Four criteria must be met in order to apply the doctrine of collateral estoppel and bar relitigation of an issue already tried:

1. the fact or facts at issue in both instances were identical;
2. these facts were essential to the first judgment;
3. the parties must have had an opportunity to 'actually litigate' the issue; and
4. the facts were actually litigated in the first cause.

*Muhammad v. Strassburger*, 374 Pa.Super. 613, 618–19, 543 A.2d 1138, 1140 (1988) (citations omitted); *see also Phillip v. Clark*, 385 Pa.Super. 229, 235, 560 A.2d 777, 780 (1989) (quoting *Mellon Bank v. Rafsky*, 369 Pa.Super. 585, 592, 535 A.2d 1090, 1093 (1987)); *Matson v. Housing Auth. of Pittsburgh*, 326 Pa.Super. 109, 112–13, 473 A.2d 632, 634 (1984); Restatement (Second) Judgments § 27.

■ In this case, it is undisputed that the issue presented in the cross-claims in the *Manor* case—i.e., whether Kaller's or Spencer was liable for the faulty construction of the roof—is the same issue framed in the contribution action. Moreover, because the cross-claims were withdrawn after the presentation of testimony, there is little question that

the parties had an *opportunity* to litigate the issue present-ed in the cross-claims. However, after a careful review of the record, we must conclude that the trial court erred in granting Spencer's motion for summary judgment because: (1) despite the fact that the parties had an *opportunity* to litigate their cross-claims, there is no record evidence to suggest that the issue of Spencer's liability to Kaller's was *actually* litigated; and (2) even if we were to assume that the issue was actually litigated, it was neither ruled on by the court nor presented to the jury for determination, and thus the facts related to the cross-claims were not essential to the first judgment.

Spencer notes that the gravamen of Kaller's complaint in the contribution action is that Spencer was liable to it for the defective roof that was built for the College. Spencer maintains that this precise issue was presented in the prior lawsuit in Kaller's cross-claim and, because the cross-claims were withdrawn only after the parties had a full opportuni-ty to present evidence on the cross-claims, the issue has already been litigated adversely against Kaller's. Con-versely, Kaller's argues that, although the issue of Spenc-er's liability was *raised* in the prior suit, the issue was never *actually* litigated because the parties dropped their respective cross-claims. Moreover, because the question of Spencer's liability for its subcontracted work was neither determined by the *Manor College* court or presented to the jury, Kaller's submitted that it was not essential to the first judgment. Thus, Kaller's claims that the verdict in the *Manor* case, although final as to Kaller's liability to the College, does not resolve the issues raised in the contribu-tion action.

In deciding whether Spencer's liability to Kaller's was actually litigated in the prior case, we must examine the relevant portions of the record in *Manor College*. *See Matson v. Housing Auth. of Pittsburgh, supra.* The diffi-culty with Spencer's claim that its liability was actually litigated in the first suit is that Spencer elected not to make the transcript of the *Manor* case part of the official record

in this case. Instead, the only relevant portions of the record in the *Manor* case that are contained in the certified record on this appeal are: (a) the transcribed notes from the conference on the parties' cross-claims held in the Honorable Paul M. Chalfin's chambers on March 24, 1983, (b) Judge Chalfin's jury charge, and (c) the transcribed notes from the judge's colloquy with the jury foreman during the reading of the verdict. Because the trial transcript from *Manor College* is not part of the record, we cannot determine whether Spencer's liability was actually litigated.[5]

More importantly, a review of the documents that were made a part of the record reveals that even if we were to agree with Spencer and find that Kaller's had actually litigated its cross-claim relating to Spencer's liability, those facts clearly were not essential to the final judgment in the *Manor* case. After the completion of testimony in the *Manor* case, Spencer moved for a nonsuit on the College's contract claim against it. Although the court granted the non-suit in regard to the College's claims against Spencer, a non-suit was not granted on Kaller's cross-claim against Spencer. Instead, the trial court held an in-chambers conference during which Kaller's and Spencer *agreed* to drop their cross-claims. The notes from this conference reveal that the withdrawal was made without prejudice to either party to pursue their claims at a future date. *See* Record Exhibit "A". In addition, the record contains an excerpt from Judge Chalfin's jury charge which also makes it clear that Spencer's liability was not at issue. In his charge, Judge Chalfin instructed the jury that the only issue before it was whether the College or Kaller's breached the contract. *See* Record Exhibit "B". In addition, a review of the foreman's announcement of the verdict reveals that the

---

5. The record also does not contain a certified copy of Judge Chalfin's order and opinion dated December 31, 1983 or this Court's opinion affirming Judge Chalfin's order, which is published at 352 Pa.Super. 310, 507 A.2d 1245 (1986). Because these opinions were not made part of the certified record on appeal, they cannot be considered by this court. *Matson v. Housing Auth. of Pittsburgh*, 326 Pa.Super. 109, 114, 473 A.2d 632, 635 (1984). However, even if we were to take judicial notice of the facts as outlined in our published opinion in the underlying case, it would not warrant a different result.

only issue decided by the jury was whether Kaller's or the College breached the contract. *See* Exhibit "C". The record thus unequivocally establishes that, because Spencer was no longer in the case, the jury did not resolve any issue of its liability to any of the parties, whether in tort or contract. Moreover, the only legal issue regarding Spencer's liability that was resolved by the *Manor College* court was its liability to the *College.* Therefore, the issue of Spencer's liability was not essential to the first judgment.

In summary, after carefully reviewing the record in the light most favorable to Kaller's as the nonmoving party, we find that (1) it is not apparent that the issue of Spencer's liability was actually litigated in the prior suit, and (2) the facts relating to Spencer's liability were not essential to that first judgment. Accordingly, we conclude that the trial court erred in granting appellee's motion for summary judgment on the grounds of collateral estoppel.

## III. RES JUDICATA

 Although the trial court granted Spencer's motion only on the basis of collateral estoppel, Spencer also claimed that res judicata barred Kaller's suit. Because this Court is free to affirm the decision of the trial court if the result is correct on any ground, we must address this issue. *See Penn Piping Inc. v. Insurance Co. of North America,* 382 Pa.Super. 19, 554 A.2d 925 (1989). In order for res judicata to apply four concurrent criteria must be satisfied. There must be:

> (1) an identity in the thing sued upon (2) identity in the cause of action (3) identity of persons and parties to the action, and (4) identity of the capacity of the partners suing or sued.

*Gutman v. Giordano,* 384 Pa.Super. 78, 80, 557 A.2d 782, 783 (1989) (quoting *In re Jones & Laughlin Steel Corp.,* 328 Pa.Super. 442, 477 A.2d 527 (1984)). Moreover, for a prior judgment to bar an action on the basis on res judicata, there must have been a final judgment on the merits by a court of competent jurisdiction. *Id.; see also Bearoff v. Bearoff Bros., Inc.,* 458 Pa. 494, 327 A.2d 72 (1974). Here,

for the reasons we have already noted above, it is clear that a final judgment was not obtained as to Spencer's liability to Kaller's.[6] Because of the voluntary withdrawal of their respective cross-claims and the granting of a nonsuit due to the College's failure to prove that they were a third party beneficiary to the contract between Kaller's and Spencer, there was no previous adjudication on the merits of Kaller's present suit. No issues were addressed by the trial court concerning Spencer's liability to Kaller's nor were any determinations made by a jury. Because there was no final judgment regarding *Kaller's* prior claim, we conclude that the res judicata does not bar the instant case.

For the foregoing reasons, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

Order reversed and case remanded. Jurisdiction relinquished.

---

**6.** Although Pennsylvania courts have recognized that the doctrine of res judicata may bar litigation of a suit even when a final valid judgment on the merits has not been obtained, such circumstances are not present here. *See Zimmer v. Zimmer,* 457 Pa. 488, 326 A.2d 318 (1974) (judgment by default); *Sustrik v. Jones & Laughlin Steel Corp.,* 413 Pa. 324, 197 A.2d 44 (1964) (settlement entered into midway through trial with approved court order to settle, discontinue and end); *Chamberlin of Pittsburgh v. Fort Pitt Chemical Co.,* 237 Pa.Super. 528, 352 A.2d 176 (1975) (stipulation of dismissal with prejudice).