HESTER, Judge:
 

 This is a consolidated appeal from an order entered in the Court of Common Pleas of Luzerne County on November 8, 1989, which granted certain manufacturers and distributors of asbestos-containing products summary judgment. For the reasons set forth below, we reverse in part and remand for further proceedings.
 

 The procedural history of this case may be summarized as follows. Between 1986 and 1988, Stanley Godlewski, Robert Delescavage, Michael Cywinski, Robert B. Myers, and Alfred Lincavage, former employees of the Foster-Wheeler Energy Corporation, instituted actions against several manufacturers and distributors of asbestos-containing materials in an effort to recover damages for injuries allegedly sustained as a result of their job-related exposure to those products.
 
 [1]
 
 All but Lincavage were joined in the actions by their wives. Mary Marosevitch, in her own right and as administratrix of the estate of William Marosevitch, another Foster-Wheeler employee, initiated a similar suit.
 
 [2]
 
 In each case, following the closure of both the pleadings and discovery, certain defendants, who asserted that appellants could not demonstrate any exposure to asbestos-containing products manufactured or distributed by them, moved for summary judgment. On November 8, 1989, the trial court, which considered the motions filed in the various cases together, concluded that there were no genuine issues of material fact for resolution and determined that the
 
 *429
 
 moving parties were entitled to judgment as a matter of law. Accordingly, it granted the requested relief. This timely appeal followed.
 
 [3]
 

 Appellants initially assert that the trial court erroneously failed to consider each of the individual actions prior to disposing of the various summary judgment motions. In support of this assertion, which we find is without merit, they contend that the court heard no argument on the motions and disposed of them jointly.
 

 We first consider the oral argument aspect of appellant’s claim. It is clear in this Commonwealth that parties to a civil action generally have the right to orally argue motions. Pa.R.C.P. 211. However, pursuant to Rule 270(d) of the Local Rules of Luzerne County, which implements that general principle, a party seeking the opportunity to argue a motion must make a request for argument.
 
 [4]
 
 In the present case, our review of the record reveals that appellants did not make the necessary request. Therefore, we conclude that they may not predicate error on the court’s failure to require oral argument prior to disposing of the motions for summary judgment.
 

 We next turn to the question of the propriety of the trial court’s joint disposition of the summary judgment motions. Although our review of the record reveals that the trial court granted the motions in a single order and discussed those dispositions only generally in its opinion, we do not believe that these facts necessarily demonstrate that the trial court improperly failed to examine each individual case. Since all of the actions involved claims arising from
 
 *430
 
 exposure to asbestos-containing products and the contested motions challenged appellants’ ability to establish a connection between the injuries suffered and the materials of the manufacturers and distributors, one may conclude that the manner of the court’s disposition merely was a function of these similarities. Accordingly, appellants are not entitled to relief on this basis.
 

 Appellants also challenge the appropriateness of the summary judgment grants. Preliminarily, we note that our standard for reviewing the propriety of a summary judgment grant is well established. In
 
 Banker v. Valley Forge Insurance Co.,
 
 401 Pa.Super. 367, 372, 585 A.2d 504, 507 (1991), we discussed that standard and, quoting
 
 Kaller’s, Inc. v. Spencer Roofing,
 
 388 Pa.Super. 361, 565 A.2d 794 (1989), stated:
 

 A motion for summary judgment may properly be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 
 See Hedlund Mfg. Co. v. Weiser,
 
 517 Pa. 522, 539 A.2d 357 (1988);
 
 see also Gabovitz v. State Auto Ins. Ass’n.,
 
 362 Pa.Super. 17, 523 A.2d 403 (1987); Pa.R.Civ.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt.
 
 Weiss v. Keystone Mack Sales, Inc.,
 
 310 Pa.Super. 425, 430, 456 A.2d 1009, 1011 (1983). Additionally, the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in its pleadings and giving that party the benefit of all reasonable inferences drawn therefrom.
 
 Hower v. Whitmak Assoc.,
 
 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988);
 
 Ferguson v. King,
 
 362 Pa.Super. 543, 524 A.2d 1372 (1987). Moreover in summary judgment proceedings, the court’s function is not to determine the facts, but only to determine if a material issue of fact exists.
 
 French v. United Parcel Service,
 
 377 Pa.Super. 366, 372, 547 A.2d 411, 414 (1988). Thus an order grant
 
 *431
 
 ing a motion for summary judgment will not be reversed unless the court below has committed an error of law or clearly abused its discretion.
 
 Ackler v. Raymark Indus., Inc.,
 
 380 Pa.Super. 183, 185, 551 A.2d 291, 292 (1988);
 
 Jones v. Keystone Ins. Co.,
 
 364 Pa.Super. 318, 321, 528 A.2d 177, 179 (1987);
 
 Miller v. Federal Kemper Ins. Co.,
 
 352 Pa.Super. 581, 585-86, 508 A.2d 1222, 1225 (1987).
 

 Keeping these principles in mind, we must determine whether the trial court correctly granted the contested summary judgment motions. As appellants’ claims concern the motions of only three of the defendants, Pars Manufacturing Company (“Pars”), Combustion Engineering, Inc. (“C.E.”), and Owens-Corning Fiberglas Corporation (“Owens-Corning”), our analysis will be categorized according to appellee.
 

 Pars Manufacturing Company
 

 We initially consider the appropriateness of the relief granted to Pars Manufacturing Company in both the Godlewski and Lincavage cases. In those actions, Pars moved for summary judgment contending that Godlewski and Lincavage could not establish a connection between their injuries and products distributed by Pars since it sold no asbestos-containing materials to Foster-Wheeler during either person’s term of employment. In support of this contention, which related to the ability of Godlewski and Lincavage to establish a fact necessary to support their recovery,
 
 see Eckenrod v. GAF Corp.,
 
 375 Pa.Super. 187, 544 A.2d 50 (1988), Pars relied exclusively upon an affidavit of its former chairman and chief executive officer.
 

 It is clear that if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action.
 
 See Eckenrod v. GAF Corp., supra
 
 (wherein, by approving grants of summary judgment on motions that were based upon the failure of the plaintiffs to satisfy an element necessary of their case, we
 
 impliedly
 
 utilized this principle);
 
 Celotex Corp. v. Catrett,
 
 477 U.S.
 
 *432
 
 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (wherein the Supreme Court considered the language of F.R.C.P. 56(c), which is similar to that set forth in Pa.R.C.P. 1035(b) and
 
 explicitly
 
 indicated the same). However, it is equally clear that even an uncontradicted affidavit of the moving party or his witnesses will not support, due to the factual issue it raises concerning the credibility of its maker, a grant of summary judgment.
 
 See Penn Center House, Inc. v. Hoffman,
 
 520 Pa. 171, 553 A.2d 900 (1989);
 
 Curran v. Philadelphia Newspapers, Inc.,
 
 497 Pa. 163, 439 A.2d 652 (1981). In the present case, since Pars relied solely on an affidavit of a witness to demonstrate Lincavage’s and Godlewski’s inability to establish an element of their causes of action, the trial court erroneously entered judgment on its motions.
 

 Combustion Engineering, Inc.
 

 Next, we consider the propriety of the relief granted to C.E. in the Myers, Marosevitch, and Cywinski cases. In those actions, C.E. moved for summary judgment on the basis that the three appellants would not be able to establish that the injuries in question were caused by its products, an element necessary to their right to recover, since there was no evidence of exposure to C.E.’s products. Unlike Pars in Lincavage and Godlewski, it relied upon the extensive discovery conducted by the appellants to support the motions. Consequently, we conclude that they properly were supported and address whether Myers, Marosevitch, and Cywinski could defeat C.E.’s claim.
 

 In
 
 Eckenrod v. GAF Corp., supra,
 
 375 Pa.Super. at 191, 544 A.2d at 52, we considered a similar issue and stated:
 

 [I]n order for a plaintiff [in an asbestos action] to defeat a motion for summary judgment, [that] plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer’s product.
 
 Wible v. Keene Corporation,
 
 No. 86-4451 Slip op. (E.D.Pa. August 19, 1987) [available on WESTLAW, 1987 WL 15833];
 
 Anastasi v. Pacor, Inc.,
 
 No. 6251 (C.P. Phila. Co., March 8, 1983)
 
 affd
 
 349 Pa.Super. 610, 503 A.2d 44 (1985).
 
 *433
 
 Therefore, a plaintiff must establish more than the mere presence of asbestos in the workplace, he must prove that he worked in the vicinity of the product’s use.
 
 Pongrac v. Consolidated Rail Corp.,
 
 632 F.Supp. 126 (E.D.Pa.1985).
 

 Utilizing these principles, we review the records in the three cases. We have determined that there is sufficient evidentiary materials from which one could conclude that Myers, Marosevitch, and Cywinski inhaled asbestos fibers shed by products manufactured by C.E. In answers to interrogatories relating to each case, C.E. admitted that it manufactured Stic-tite cement between 1963 and 1972 and that the cement contained asbestos. In addition, we note that each appellant produced an affidavit of Robert Delescavage. Those affidavits indicate that Delescavage worked at Foster-Wheeler between 1966 and 1984, that he worked with Stic-tite, that it was used to finish off walls in stress relief, around purge covers, and on furnaces, that it was mixed with water in a trough, that this activity created a large amount of dust, and that Myers, Cywinski, and Marosevitch had, at times, either worked with the Stic-tite or near where it was being used.
 
 [5]
 
 As these evidentiary materials could lead one to conclude that the three appellants demonstrated the exposure necessary to defeat C.E.’s motion, we conclude that the trial court improperly entered the contested judgments in its favor.
 

 Owens-Corning Fiberglas Corporation
 

 Finally, we consider the propriety of the judgments entered by the trial court in favor of the Owens-Corning in
 
 *434
 
 the Delescavage, Cywinski, Marosevitch, Myers, and Lincavage cases. In those actions, Owens-Corning moved for summary judgment on the basis that the various appellants could not demonstrate a connection between the injuries suffered and its products. In support of these motions, which related to their ability to establish an element necessary to support a recovery, Owens-Corning relied upon the discovery conducted by appellants. Consequently, as was the case with C.E.’s motions, we conclude that Owens-Corning’s requests for relief properly were supported. Accordingly, we address whether the records in the five actions contained sufficient materials to defeat them.
 

 Our review of the records in each of the cases reveals sufficient evidence to establish that Delescavage, Cywinski, Marosevitch, Myers, and Lincavage demonstrated the necessary exposure. In all five actions, the records contain affidavits of both Robert Slusser and John B. Swenski. In each document, the affiant indicated that he worked at Foster-Wheeler for a number of years, that he worked with a variety of materials including Kaylo blocks, that those blocks were used to build furnace walls, that they were cut by saws, that this activity produced dust, and that appellants or their decedents had worked, at times, either with that material or near where it was being used. In addition, we note that Burton Hildebrand, who also worked at Foster-Wheeler, testified at his deposition that the boxes containing the Kaylo blocks indicated that they were manufactured by Owens-Corning. N.T., 6/15/88, at 20, 49. Furthermore, Carl Brush, another Foster-Wheeler employee, testified at his deposition that those boxes also indicated that Kaylo contained asbestos. N.T., 6/24/87, at 50. This testimony was relied upon by each of appellants. As these evidentiary materials could lead one to conclude that Delescavage, Cywinski, Myers, Marosevitch, and Lincavage breathed in asbestos dust shed from Owens-Corning’s products, it is clear that the trial court erroneously entered
 
 *435
 
 judgment in Owens-Corning’s favor.
 
 [6]
 

 Order reversed and cases remanded for further proceedings. Jurisdiction relinquished.
 

 CAVANAUGH, J., concurs in the result.
 

 [1]
 

 . In all cases except Godlewski’s, Foster-Wheeler also was named as a defendant.
 

 [2]
 

 . We note that Marosevitch, unlike the other actions, was filed in Philadelphia County and transferred to Luzerne County for disposition.
 

 [3]
 

 . While this appeal was pending, the trial court, by separate orders entered on January 17, 1990, revoked the November 8, 1989 order and re-entered summary judgment in each action. Apparently, the court took this action to clarify its prior order. However, as our review of the record reveals that appellants did not move for reconsideration of the November 8, 1989 order prior to the expiration of the thirty day appeal period, it is clear that the trial court lacked the authority to revoke it.
 
 See
 
 Pa.R.A.P. 1701. Consequently, we find that the orders entered on January 17, 1990, do not impact on this appeal.
 

 [4]
 

 . This request must be made at the time that briefs on the matter are filed.
 

 [5]
 

 . We note that appellants also rely upon affidavits of Robert Slusser to support their positions. Although those affidavits were similar to the ones made by Delescavage, they are of little use. Our examination of Slusser’s deposition testimony indicates that his knowledge of the identity of Stic-tite as one of the products used at Foster-Wheeler was based upon out of court statements made by his co-workers. Notes of Testimony ("N.T.”), 12/4/87, at 49. Accordingly, Slusser’s assertions in the affidavits concerning product identification constituted inadmissible hearsay and may not be used in determining the propriety of the summary judgment grants.
 
 See Samarin v. GAF Corp.,
 
 391 Pa.Super. 340, 571 A.2d 398 (1989).
 

 [6]
 

 . We note that our conclusion in connection with the Marosevitch and Lincavage cases is strengthened by the fact that Owens-Corning filed pre-trial statements in which it admitted that it manufactured Kaylo and that those blocks contained asbestos.