## Anthony v. Browne

C.P. of Monroe County no. 1472 Civil 1999.

*Patrick G. Geckle,* for plantiffs.
*Cody H. Brooks,* for defendants.

O'BRIEN, *J.,* December 7, 2001—The plaintiffs have filed a complaint seeking economic and noneconomic damages resulting from personal injuries sustained in an automobile accident on February 16, 1997, in East Stroudsburg, Monroe County, Pennsylvania. In their responsive pleadings, the defendants alleged in "new matter" that the plaintiffs' right of recovery was limited by their "election of tort liability." Defendants have now filed a motion for summary judgment challenging the

right of Wendy Ace, who was a passenger in her parents' vehicle, from claiming noneconomic damages. The motion is premised on the allegation that Wendy Ace is bound by her parents' election of "limited tort" liability coverage and the fact that Wendy Ace did not suffer a "serious injury" in the accident. In their answer to defendants' motion, plaintiffs admit that Wendy Ace is bound by her parents' "limited tort" election, but dispute the allegation that she did not suffer a "serious injury." Following the submission of briefs and oral argument, defendants' motion for summary judgment with respect to the noneconomic claims of plaintiff Wendy Ace is now before the court for disposition.

In 1990, the Pennsylvania Legislature amended the Motor Vehicle Financial Responsibility Law in an effort to reduce the spiraling cost of automobile insurance in the Commonwealth. This amendment provided that if a consumer affirmatively elects the limited tort option for liability coverage, they are barred from recovering damages for noneconomic harm unless they sustain a "serious injury." In exchange for this election, they receive a significant reduction in the premium paid to the insurance carrier for their liability coverage. The section of that statute pertinent to the dispute in the case at bar provides as follows:

"(d) Limited tort alternative.—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. *Unless the injury sustained is a serious injury, each person who is bound*

*by the limited tort election shall be precluded from maintaining an action for any noneconomic loss . . . ."* 75 Pa.C.S. §1705. (emphasis added)

"'Serious injury.' A personal injury resulting in death, serious impairment of bodily function or permanent serious disfigurement." 75 Pa.C.S. §1702.

In the case at bar, it is undisputed that the passenger's injuries did not result in death or permanent serious disfigurement. The issue in dispute is whether or not her injuries resulted in "serious impairment of bodily function."

In *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998), our Supreme Court adopted the following standard for determining whether a "serious impairment of bodily function" has occurred.

"The 'serious impairment of body function' threshold contains two inquiries:

"(a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"(b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment. . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious."

The court also held that the traditional summary judgment standard was to be followed by trial courts with respect to the issue presented in the case at bar.

A motion for summary judgment is only proper in those cases where the pleadings, depositions, answers to interrogatories, and admissions on file, along with the affidavits, and all other matters filed on the record, demonstrate that there is no genuine issue of material fact, and that as a result the moving party is entitled to a judgment as a matter of law. *Grossman v Rosen,* 424 Pa. Super. 463, 623 A.2d 1 (1993); *Frederick v. Action Tire Company,* 744 A.2d 762 (Pa. Super. 1999); *Weiner v. American Honda Motor Company Inc.,* 718 A.2d 305 (Pa. Super. 1998). In deciding whether summary judgment is warranted and proper, the court must construe the facts on the record in a light that is most favorable to the non-moving party. The court must also resolve all doubts and reasonable inferences as to the existence of a genuine issue of material fact in favor of the non-moving party. *Frederick, supra; Telega v. Security Bureau Inc.,* 719 A.2d 372 (Pa. Super. 1998); *Kaller's Inc. v. John J. Spencer Roofing Inc.,* 388 Pa. Super. 361, 565 A.2d 794 (1989).

In support of their motion for summary judgment, the defendant submitted the deposition of Wendy Ace. During her deposition, Ace testified that on the day of the accident, her right knee was swollen after hitting the glove compartment of the vehicle in which she was a passenger. Ace deposition pp. 11-12. After the accident, Ace went to the Pocono Medical Center's emergency room and was discharged after about an hour. Ace deposition, p. 12. Sometime afterward, Ace was seen by a medical

professional for about six months for therapy. Ace deposition, p. 13. According to Ace, she received medical treatment from only one professional after the accident. Ace deposition, p. 14. Ace also testified that although she claims her right thigh was injured the day of the accident she never sought medical help for her thigh. Ace deposition, pp. 10, 14.

At the time of the deposition, Ace testified that the only condition she still attributes to the accident is pain she feels in her right knee on rainy days, or after standing for one to two hours. Ace deposition, p. 15. However, Ace also testified that since the accident she has worked for the Carbon County Training Center on an assembly line five days a week for 35 hours a week. Ace deposition, pp. 16-17. Despite the fact that Ace's job requires her to stand for many hours five days a week, she did not testify to missing any days of work as a result of the accident. Ace testified that she has received no medical attention for the injuries she sustained in the accident of February 16, 1997, after she stopped receiving treatment sometime in July or August of 1997. Ace deposition, pp. 27-29. Ace has not received any treatment for the injuries sustained in the February 16, 1997 accident for the last three years.

The only items submitted by the plaintiff in opposition to the motion for summary judgment are four office notes by a chiropractor during 1997. None of these office notes discloses any impairment of any bodily function and falls far short of the definition of "serious injury" set forth in the statute. In *McGee v. Muldowney*, 750 A.2d 912 (Pa. Super. 2000) our Superior Court affirmed the grant of a motion for summary judgment by a

trial court in a scenario most similar to the case at bar. In that case, treatment was rendered for similar injuries for a period of several months but no medical evidence was presented of any impairment of a bodily function. In that case, as in the case at bar, the claimant was able to continue their employment without reduction in income. Therefore, we conclude that defendants' motion must be granted.

## ORDER

And now, December 7, 2001, the motion of defendants Marcia V. Browne and Samuel A. Browne for summary judgment, to preclude plaintiff Wendy Ace from pursuing a claim for noneconomic damages, is granted.