**Nuyen v. Bhatt**

C.P. of Monroe County, no. 4304 Civil 2000.

*Joseph P. Lenahan,* for plaintiff.
*David W. Saba,* for defendant Dr. Bhatt.
*Paul Barrett*, for defendant Pocono Medical Center.

O'BRIEN, *J.*, December 2, 2002—On August 6, 2002, this court entered an order approving a settlement of the plaintiffs' malpractice claim against the defendant surgeon resulting from surgery performed on their son on May 21, 1999. The defendant hospital, where the surgery was performed, has now filed a motion for summary judgment. Following the submission of briefs and oral argument, the motion of defendant Pocono Medical Center for summary judgment is now before the court for disposition.

The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. §1035.2.

When ruling on a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits. Pa.R.C.P. 1035.1(a). In order to prevail in a motion for summary judgment, the moving party has the burden of proving that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). In deciding whether summary judgment is both warranted and proper, the court must construe the facts on the record in a light that is most favorable to the non-moving party. The court must likewise resolve all doubts and reasonable inferences as to the existence of a genuine issue of material fact in

favor of the non-moving party. *Telega v. Security Bureau Inc.*, 719 A.2d 372 (Pa. Super. 1998); *Kaller's Inc. v. John J. Spencer Roofing Inc.,*388 Pa. Super. 361, 565 A.2d 794 (1989). Once a motion for summary judgment is made and supported under these principles, however, a non-moving party may not rest upon the mere allegations or denials of their pleadings. Rather, the non-moving party must set forth specific facts demonstrating that there is a genuine issue for trial. If she fails to do so, then summary judgment, if appropriate, shall be entered against her. Pa.R.C.P. 1035.3.

Plaintiffs' complaint contains several counts, two of which remain directed to the defendant Pocono Medical Center. Count IV alleges "independent liability" against Pocono Medical Center. Count V alleges "vicarious liability" against Pocono Medical Center for the actions of the defendant surgeon. The defendant hospital first contends that because the plaintiffs settled and executed a release in favor of the defendant surgeon, plaintiffs cannot pursue liability claim against the hospital premised solely on the acts of the surgeon. We agree. In *Mamalis v. Atlas Van Lines Inc.,* 522 Pa. 214, 560 A.2d 1380 (1989), our Supreme Court held that when the liability of the principal is vicarious and is not based upon the principal's independent actionable fault, the release of the agent precludes further recovery against the principal. Therefore the plaintiffs' acceptance of payment and release of the surgeon would release the defendant hospital from liability premised solely on the actions of the surgeon. Therefore, defendant's motion for summary judgment with respect to Count V of plaintiffs' complaint will be granted.

However, the defendant hospital's further argument that the aforesaid release also precludes a claim of "independent liability," as set forth in Count IV of the complaint, is without merit. In *Thompson v. Nason Hospital,* 527 Pa. 330, 339, 591 A.2d 703, 707 (1991), our Supreme Court articulated the following premise for independent liability against a hospital:

"Corporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital. This theory of liability creates a nondelegable duty which the hospital owes directly to a patient."

Indeed the release executed by the plaintiffs in favor of the surgeon specifically provides:

"It is specifically understood and agreed that in entering into this release, plaintiffs are not releasing any claims, causes of action or demands against Pocono Medical Center, including but not limited to the independent liability claim as contained in Count IV of the plaintiffs' complaint, all claims of corporate liability against Pocono Medical Center under *Thompson v. Nason Hospital,* and its progeny, and all claims against Pocono Medical Center based on the conduct of Dr. Bhatt as alleged in the complaint." (Defendant's motion for summary judgment, exhibit C, p. 2.)

Therefore, the release agreement with the surgeon does not preclude the plaintiffs from pursuing a claim of corporate negligence against the defendant hospital. Our next inquiry is whether a proper prima facie showing of corporate negligence exists. Plaintiff must establish a legal duty, breach of the duty, causation and damages. Under

corporate negligence principles, the breach of duty must be a substantial factor in causing the harm to the injured party. See *Welsh v. Bulger,* 548 Pa. 504, 698 A.2d 581 (1997). Also, the hospital must have had actual or constructive knowledge of the defect or procedures that created the harm. See *Thompson, supra* at 339-40, 591 A.2d at 707:

"The duties owed by a hospital are:

"[D]uty to use reasonable care in the maintenance of safe and adequate facilities and equipment . . . ; (2) a duty to select and retain only competent physicians . . . ; (3) a duty to oversee all persons who practice medicine within its walls as to patient care . . . ; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients." *Thompson, supra.* (citations omitted)

The evidentiary requirements to establish a breach for traditional medical malpractice actions in which the negligence is not obvious is the presentation of expert testimony to establish to a reasonable degree of medical certainty that the defendant's acts deviated from an accepted medical standard. *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978). This same requirement holds true for actions in corporate negligence, where, unless the hospital's negligence is obvious, the court is to look to the substance of expert's testimony to determine if a duty was breached. See *Welsh v. Bulger,* 548 Pa. 504, 698 A.2d 581 (1997). Plaintiffs' expert report by Dr. Munoz states that the hospital failed in its duty to (1) provide a safe facility and environment and (2) oversee and supervise Dr. Bhatt. (See plaintiffs' brief, exhibit E, p. 3.) In asserting these breaches of duty, the expert's report states:

"Hospital standards require appropriate oversight of operating surgeons. The hospital failed in this duty to Justin, and was negligent. The hospital should have had procedures in place to prevent this dangerous maneuver and an injection of lidocaine into the patient's brainstem." *Id.*

"It was the hospital's responsibility to make sure that its surgical patients were subjected to only those procedures which the doctor can perform safely. The hospital must supervise the activities of the doctor." *Id.* at 4.

"Dr. Bhatt deviated from the standard of good surgical care by using an unacceptable surgical technique of injecting the nasopharynx and doing so in a manner that caused injury to his patient, Justin Nuyen." *Id.* at 7.

"Justin Nuyen was a patient of the Pocono Medical Center as well as Dr. Bhatt when he submitted to short stay surgery at Pocono Medical Center in May of 1999. The hospital knew or should have known that Dr. Bhatt was engaging in unacceptable surgical techniques as one of his preferences. Since the hospital was aware of the use of this unacceptable technique during surgery at its facility, the Pocono Medical Center should have stopped Dr. Bhatt from using the injection technique for his short stay surgery patients. There were reasonable and safer alternatives available. The hospital therefore failed to have safe facility and failed to supervise Dr. Bhatt properly." *Id.* at 7.

The expert report also includes the following:

"Since Dr. Bhatt referred all of his patients to the Pocono Medical Center and he was the only ENT surgeon at this facility, the hospital was in a position to control his surgical techniques, and to prevent him from us-

ing techniques which were both risky and medically inappropriate."

Whether or not a jury will accept the above quoted opinion of plaintiffs' expert to establish liability on the part of the hospital remains to be seen. However, that decision is for the jury, not the court. Therefore, we conclude that defendant hospital's motion for summary judgment with respect to Count IV of plaintiffs' complaint must be denied.

## ORDER

And now, December 2, 2002, it is ordered as follows:

(1) The motion of Pocono Medical Center for summary judgment with respect to Count V of plaintiffs' complaint alleging "vicarious liability" is granted and that count of the complaint is dismissed.

(2) Defendant Pocono Medical Center's motion for summary judgment with respect to Count IV of the plaintiffs' complaint alleging "independent liability" is denied.