## Egan v. Stroudsburg School District

C.P. of Monroe County, no. 1363 Civil 2002.

*Salvatore P.J. Vito,* for plaintiff.
*Angela Maione Costigan,* for defendant.

WALLACH MILLER, *J.,* March 22, 2004—On March 15, 2000, plaintiff Christy VanLouvender was a passenger in a motor vehicle driven by plaintiff Cheryl Egan that collided with a school bus driven by defendant George C. Bercier, an employee of the Stroudsburg School District. As a result of the collision, plaintiff VanLouvender alleges she sustained injuries to her mouth and contusion and strain of her neck, shoulders and knees.

Plaintiff VanLouvender is a limited tort plaintiff. The defendant moves for summary judgment on noneconomic damages arguing that plaintiff VanLouvender's injuries fail to meet the "serious injury" threshold required by the Limited Tort Statute. 75 Pa.C.S. §1705(a).

In 1990, the legislature amended the Motor Vehicle Financial Responsibility Law (MVFRL) to allow insured motorists the opportunity of choosing a "limited tort" option in exchange for a lower rate. *Robinson v. Upole,* 750 A.2d 339 (Pa. Super. 2000). Under this option, an insured that is injured by another driver "may seek recovery for all medical and out-of-pocket expenses, but not pain and suffering or other non-monetary damages

unless the injuries fall within the definition of 'serious injury' as set forth in the policy." 75 Pa.C.S. §1705(a). The MVFRL defined "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa. C.S. §1702. The issue of defendant's motion for summary judgment is whether plaintiff VanLouvender had suffered a "serious impairment of body function."

In *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998), our Supreme Court adopted the following standard for determining whether a "serious impairment of bodily function" has occurred:

"The 'serious impairment of body function' threshold contains two inquiries:

"(a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"(b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally medical testimony will be needed to establish the existence, extent, and permanency of the impairment . . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Washington,* 553 Pa. at 448, 719 A.2d at 740, citing *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896, 901 (1986).

The court also held that the traditional summary judgment standard was to be followed by trial courts with respect to the issue presented in the case at bar.

A motion for summary judgment is only proper in those cases where the pleadings, depositions, answers to interrogatories, and admission on file along with the affidavits and all other matters filed on the record, demonstrate that there is no genuine issue of material fact, and that as a result the moving party is entitled to a judgment as a matter of law. *Grossman v. Rosen,* 424 Pa. Super. 463, 623 A.2d 1 (1993); *Frederick v. Action Tire Co.,* 744 A.2d 762 (Pa. Super. 1999); *Weiner v. American Honda Motor Co.,* 718 A.2d 305 (Pa. Super. 1998). In deciding whether summary judgment is warranted and proper, the court must construe the facts on the record in a light that is most favorable to the non-moving party. The court must also resolve all doubts and reasonable inferences as to the existence of a genuine issue of material fact in favor of the non-moving party. *Frederick, supra; Telega v. Security Bureau Inc.,* 719 A.2d 372 (Pa. Super. 1998); *Kaller's Inc. v. John J. Spencer Roofing Inc.,* 388 Pa. Super. 361, 565 A.2d 794 (1989). Summary judgment may be granted only in those cases in which the record clearly shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643 (Pa. Super. 2002). Only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Id.*

In our case, plaintiff VanLouvender alleges she lost an upper tooth, a lower left tooth shifted, and bruises to her head and injuries to her knees. After the accident, she was taken to the emergency room of Pocono Medical Center where she was treated and released. She then saw Dr. Gregory J. Menio M.D. After two consultations, Dr. Menio prescribed physical therapy for her left knee which she completed within a couple weeks. At her deposition, she testified that once in a while her left knee bothers her.

Regarding her dental injuries, she was treated by Dr. David J. Pollack D.M.D. Dr. Pollack performed a root canal and placed a crown on the missing tooth.

Plaintiff was 17 years old at the time of the collision. She testified she missed a couple days of school.

The standard of granting summary judgment in limited tort action is whether reasonable minds could differ on whether plaintiff VanLouvender suffered "serious injury." *Washington v. Baxter, supra.* The focus of these inquiries is not on the injuries themselves, but the effect of the injury on a body function. *Id.* Plaintiff VanLouvender fails to present evidence on how the injuries limit her physical activities. We conclude that reasonable minds could not differ as to whether plaintiff VanLouvender suffered a "serious injury" for purposes of the MVFRL, and that there is no question of fact regarding this issue for the jury. Since plaintiff VanLouvender did not sustain a serious injury, she is precluded from recovering for noneconomic damages, including mental anguish and pain and suffering.

Therefore, we enter the following order.

## ORDER

And now, March 22, 2004, defendants', Stroudsburg School District's and George C. Bercier's, motion for summary judgment is granted as to plaintiff Christy VanLouvender.